

# Fourth Court of Appeals
## San Antonio, Texas

January 10, 2017

No. 04-16-00812-CR

Gary **ALVAREZ,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR4637B
Honorable Kevin M. O'Connell, Judge Presiding

# O R D E R

Gary Alvarez entered into a plea bargain with the State, pursuant to which he pleaded nolo contendere to the charge of injury to a child. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Alvarez timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record also appears to support the trial court's certification that Alvarez does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Alvarez is hereby given notice that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that he has the right to appeal is made part of the appellate record by **January 31, 2017**. *See* TEX. R. APP. P. 25.2(d); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **order** all appellate deadlines suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 10th day of January, 2017.

_____
Keith E. Hottle
Clerk of Court